74

[985 NYS2d 873]

In the Matter of HENRY A.O. BANJI (Admitted as HENRY ADER-
EMI OLUBUNMI BANJI), a Suspended Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, May 22, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Kaylin L. Whittingham* of counsel), for
petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Henry A.O. Banji was admitted to the practice of law in the State of New York by the Third Judicial Department on September 27, 2005, under the name Henry Aderemi Olubunmi Banji. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered April 25, 2013, this Court, upon the motion of the Departmental Disciplinary Committee, suspended respondent from the practice of law, effective immediately, and until further order of the Court (106 AD3d 73 [1st Dept 2013]). The suspension was based on, inter alia, respondent's failure to cooperate with the Committee in its investigation of a complaint alleging that he neglected a client matter by failing to file an appellate brief, resulting in the dismissal of the client's appeal. We found that respondent's professional misconduct in failing to cooperate with the investigation in any way "immediately threatens the public interest, thereby warranting his immediate suspension from the practice of law" pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 [e] [1] [i] (106 AD3d at 76).

The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for more than six months from the date of the order of suspension. The Committee notes further that respondent has not filed an affidavit of compliance with this Court's suspension order as required under 22 NYCRR 603.13 (f).

The Committee avers that it has served respondent with the papers supporting the instant motion at his three last known addresses by first-class mail and certified mail, return receipt requested, and that it has received no response.

Inasmuch as more than six months have elapsed since this Court's April 25, 2013 suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted and his name stricken from the roll of attorneys in the State of New York (see Matter of Gadsden, 112 AD3d 65 [1st Dept 2013]; Matter of Way, 109 AD3d 148 [1st

Dept 2013]; *Matter of Reis*, 105 AD3d 62 [1st Dept 2013]; *Matter of Claffey*, 99 AD3d 201 [1st Dept 2012]; *Matter of Kennedy*, 55 AD3d 169 [1st Dept 2008]).

Accordingly, the Committee's motion should be granted and respondent is disbarred pursuant to 22 NYCRR 603.4 (g) and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

FRIEDMAN, J.P., ACOSTA, ANDRIAS, FREEDMAN and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.